## Commonwealth v. Martorano

*Robert J. Masters*, District Attorney, and *Joseph J. Ligerati*, Assistant District Attorney, for Commonwealth.

*Martin Croissant*, for defendant.

SAWYER, J., January 27, 1967.—On November 16, 1966, defendant was indicted on the charge of libel, the indictment stating in full that defendant "did write, print, exhibit or publish posters causing them to be distributed on the 12th and 13th days of October, 1966, containing such defamatory statements tending to blacken the reputation of Roberts Oil Company, its officers, owners and operators, thereby exposing the said Roberts Oil Company to public contempt and ridicule".

Thereafter, defendant filed a motion to quash the indictment for the reason that the indictment failed to set forth the words which were written, printed or exhibited on the posters which were alleged to be published.

The crime under which defendant is charged is set forth under section 412 of the Act of June 24, 1939, P. L. 872, 18 PS §4412, which provides as follows:

"Whoever writes, prints, publishes or exhibits any malicious or defamatory libel, tending either to blacken the memory of one who is dead, or the reputation of one who is alive, thereby exposing him to public hatred, contempt or ridicule, is guilty of libel, a misdemeanor. . . ."

The indictment fails to aver the required facts constituting a crime. In an early case which still remains the law, the Supreme Court, in the case of Commonwealth v. Sweney, 10 S. & R. 172 (1823), at page 174, stated the applicable law as follows:

"In an action and an indictment for libel, the law requires the very words of the libel to be set out, in order that the court may judge, whether they constitute a good ground of action, and unless this is professed to be set out, the declaration or indictment cannot be maintained".

Since neither the information nor the indictment in these proceedings sets forth any alleged libelous words, both are insufficient and must be quashed.

### ORDER

And now, January 27, 1967, pursuant to the foregoing opinion and pursuant to motion made by defendant's attorney and after due hearing thereon, it is ordered, adjudged and decreed that the motion to quash is hereby granted, and the information and the indictment in the within proceedings are hereby quashed, and defendant is hereby discharged. Costs to be paid by Beaver County.